NOT DESIGNATED FOR PUBLICATION

No. 118,953

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARNELL L. SHIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 9, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Darnell Shields appeals the district court's decision to revoke his probation and send him to prison after he violated his probation. He argues that the district court abused its discretion by sending him to prison instead of giving him another chance on probation.

But Shields admitted to the district court that he was convicted of new offenses while he was on probation. And that gave the district court the discretion to send Shields to prison. We find no abuse of discretion in the district court's decision to do so.

The underlying offense for which Shields was sentenced to probation was robbery. The district court sentenced Shields to a 36-month term of probation, with an underlying

prison sentence of 136 months that Shields would have to serve if he didn't successfully complete his probation.

At a probation hearing that took place about two years after Shields' probation began, Shields admitted that he was convicted of new crimes—nine counts of violation of a protective order and one count of intimidation of a witness—while he was on probation. Shields asked the court to modify his original sentence to 100 months in prison based on what he had achieved on probation. The court then modified Shields' original sentence from 136 months to 122 months in prison and revoked his probation.

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That discretion is now limited in felony cases so that in most situations the court must first impose an intermediate sanction, such as a two- or three-day jail stay, for the first probation violation.

But there's an exception if the defendant has committed a new crime; in that case, the court has the discretion to revoke probation without first imposing an intermediate sanction. See K.S.A. 2017 Supp. 22-3716(b) and (c). As a result, we review the district court's decision in Shields' case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Shields hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. While on probation, Shields committed several serious new crimes. A reasonable person could agree with the district court's decision to impose the prison sentence given Shields' new convictions.

On Shields' motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the district court; we find no error in its decision to revoke Shields' probation.

We affirm the district court's judgment.